Case 1:23-cv-23266-CMA   Document 95   Entered on FLSD Docket 07/03/2023   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANGELA BERNHARDINE GALLO, *et al.*, | § § § § | |
| Plaintiffs. | § § | CIVIL ACTION NO. 4:23-cv-00137 |
| V. | § § | |
| AIR & LIQUID SYSTEMS CORPORATION, *et al.*, | § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

A discovery dispute has been referred to me. *See* Dkts. 91, 92. In short, Plaintiffs want to depose two fact witnesses in Italy on July 7, 2023 and July 17, 2023. Defendant Carnival Cruise Lines ("Carnival") objects on the ground that it should not be forced to participate in discovery mechanisms designed for civil litigants when this matter (or, at least, part of it) may ultimately be sent to an arbitrator to decide.

**A.    Background**

Let me first put this discovery issue into the proper context. Plaintiffs are the widow and daughter of Basilio Gallo ("Gallo"). According to the Complaint, Gallo died of mesothelioma as a result of asbestos exposure. In late 2022, Plaintiffs filed this lawsuit in state court in Nueces County, Texas. The complaint names 20 defendants allegedly responsible for Gallo's asbestos exposure. In January 2023, the case was transferred to the 11th Judicial District Court of Harris County, Texas. A few days later, Carnival removed the case to federal court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*, arguing that Plaintiffs' claims against Carnival are subject to arbitration. Carnival subsequently filed a Motion to Compel Arbitration. Dkt. 14. Plaintiffs have filed a Motion to Remand. Dkt. 55. Both motions are fully briefed and ready for a

ruling. Regardless of what happens with the pending motions, the claims against all of the defendants (other than Carnival) will be remanded to state court. *See* 28 U.S.C. § 1441(c)(2). This is because the sole basis for removal was that this Court has jurisdiction to decide under federal law whether the claims brought against Carnival are arbitrable. Once that issue is resolved, the matter will go back to state court to be litigated against the other defendants. Whether Carnival is a party to that state court case depends on whether Judge George C. Hanks, Jr. finds that the arbitration provision at issue requires Plaintiffs' claims against Carnival to be arbitrated.

**B.     Analysis**

Both sides of this discovery dispute present persuasive arguments. Plaintiffs emphasize that they have a genuine interest in proceeding with discovery as quickly as possible—especially against those defendants who will, no matter what the ruling on Carnival's Motion to Compel Arbitration, remain as defendants in this litigation. As time passes, Plaintiffs note, there is an increased risk of a loss of evidence as witnesses become unavailable and memories fade. Meanwhile, Carnival has a valid point that forcing it to engage in the discovery process before this Court has decided whether arbitration is appropriate would defeat one of the fundamental purposes of arbitration—avoiding substantial expenditures on exhaustive discovery. *See, e.g.*, *Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 883 (5th Cir. 1999) (recognizing "that arbitration's principal advantages may be destroyed if the parties succumb to fighting over burdensome discovery requests far from the place of arbitration.").

So, what do I do? My initial thought was to simply stay all discovery for a few months until Judge Hanks has had an opportunity to rule on the Motion to Compel Arbitration and the Motion to Remand. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). The problem with that approach, I have determined, is that this

case could be tied up for years to come as the arbitration issue is litigated through the courts. If Judge Hanks denies Carnival's Motion to Compel Arbitration, Carnival has an absolute right to take an interlocutory appeal of that ruling to the Fifth Circuit. *See* 9 U.S.C. § 16(a). While that interlocutory appeal on arbitrability is ongoing, a "district court must stay its proceedings." *Coinbase, Inc. v. Bielski*, 599 U.S. --, 2023 WL 4138983, at *3 (U.S. June 23, 2023). That means that discovery could be held up for years—for all parties—while the Fifth Circuit considers the arbitrability issue.

After serious consideration, I have latched on to another approach, one suggested by Plaintiffs, that I think will advance the interests of all parties to this litigation. How about if the Court severs Plaintiffs' claims against Carnival from those claims brought by Plaintiffs against the other 19 defendants? The Court can then remand Plaintiffs' claims against the other defendants to state court, so those parties can move forward with discovery as permitted by the state rules. In the meantime, Plaintiffs' claims against Carnival will remain pending in federal court, where Plaintiffs and Carnival can await a ruling from Judge Hanks on the Motion to Compel Arbitration and the Motion to Remand. To me, this seems to be a perfect resolution of this tricky discovery problem. Plaintiffs may proceed with the depositions scheduled in Italy while Carnival would have no obligation—nor a right—to attend those depositions because it would not be a non-party to the remanded case.

### C. Conclusion

I would like to have a short hearing on Wednesday, July 5, 2023, to discuss this potential solution with counsel. The hearing will take place via Zoom at 11 a.m.

SIGNED this 3rd day of July 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE