UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1: 23-cv-23266-CMA

ANGELA BERNHARDINE GALLO, *et al.*,

    Plaintiff,

v.

CARNIVAL CORPORATION,
,

    Defendant.

_____

## **DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Defendant, CARNIVAL CORPORATION ("Carnival" or "Defendant"), by and through undersigned counsel, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure hereby files its Motion to Compel Arbitration and Dismiss the Complaint[1] and in support thereof state as follows:

## **INTRODUCTION**

ANGELA BERNHARDINE GALLO, as an Individual and as the Personal Representative of the Estate of Basilio Gallo ("Decedent") and LISA ANTONIETTA LIESELOTTE GALLO (collectively "Plaintiffs") initially brought this action in Texas state court against approximately

---

[1] The instant Motion is being filed to in connection with Carnival's Response in Opposition to Plaintiffs' Motion for Remand in order to establish this Honorable Court has jurisdiction over the matter as the previously filed Motion to Compel Arbitration [D.E. 14] was denied without prejudice at the time the Honorable Judge George C. Hanks, Jr. from the Houston Division of the Southern District of Texas transferred this case to the Southern District of Florida. [D.E. 98].

thirty (30) defendants[2], including Carnival alleging, among other claims, that the Decedent died from malignant mesothelioma due to exposure to asbestos while working on various Carnival vessels between 1972 until approximately 2008. [D.E. 1-3].

On February 17, 2009, Decedent signed an employment agreement titled Officer's Agreement, ("Agreement") with non-party Golden Falcon International S.A. ("Golden Falcon"). [D.E. 14-1 at pg. 6].[3] While Golden Falcon, a wholly-owned subsidiary of Carnival, is named as the employer, the Agreement governed Decedent's service "**aboard a ship owned or operated by Carnival Cruise Lines, a division of Carnival Corporation…**". *Id.* Moreover, the Agreement was signed by Decedent as well as Rinaldo Marossa, an employee of Carnival. *Id.* at 3. Among other things, the Agreement required Decedent to resolve any and all disputes "arising out of or in connection" with the Agreement by arbitration. *Id.*

Despite the arbitration clause in the Agreement, Plaintiffs refused to submit the claims to arbitration and brought the instant case in Texas court. The Complaint alleges the following causes of action against Carnival: Jones Act (Count II); General Maritime Law (Count III); Employment Allegations (Count IV); Conspiracy Allegations (Count V); Gross Negligence Allegations (Count VI); and Loss of Consortium Allegations (Count VII). [D.E. 1-3]. In the Complaint, Plaintiffs

---

[2] On July 6, 2023, the Judge Hanks, Jr., entered an order severing Plaintiffs' claims against Carnival from all other defendants. [D.E. 97]. Therefore, Carnival is the only defendant before this Honorable Court.

[3] Prior to the time of this filing, Carnival has filed five of Decedent's Officer's Agreements regarding his employment on board Carnival vessels: April 21, 2006 [D.E. 76-1 at pgs., 5-7], October 13, 2006 [D.E. 76-1 at pgs., 8-11], April 16, 2007 [D.E. 76-1 at pgs., 12-15], October 19, 2007 [D.E. 76-1 at pgs., 16-19] and February 16, 2009 [D.E. 14-1 at pgs., 6-9]. The Officer's Agreements in the case at bar all have identical arbitration clauses, as well as identical relevant clauses regarding the purpose of the agreements, and the superseding effect of each subsequent agreement. However, the employment agreement ("Agreement") dated February 16, 2009 is the relevant agreement upon which the Parties dispute and focus their arguments upon.

admit that Carnival "owned, operated, supervised, maintained, manned, crewed, and warranted" vessels on which Mr. Gallo was employed. [D.E. 1-3 at ¶42].

After the Plaintiffs brought the instant case in Texas state court, on January 13, 2023, Carnival timely removed it to Texas Federal Court under 9 U.S.C. § 205 which permits removal of a lawsuit whose subject relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention"). [D.E. 1]. On August 25, 2023, the Honorable Judge George C. Hanks, Jr., entered an order transferring the instant lawsuit from the Houston Division of the Southern District of Texas to the Miami Division of the Southern District of Florida. [D.E. 98]. In the same order, Judge Hanks Jr. denied all pending motions without prejudice, which included Carnival's Motion to Dismiss and Compel Arbitration. [D.E. 14, 98]. Accordingly, Carnival now files the instant Motion and asks the Court to compel arbitration of all Plaintiffs' claims against Carnival pursuant to Mr. Gallo's Seafarer's Officer's Agreement, and to dismiss the claims against Carnival since they are all subject to mandatory arbitration.

## MEMORANDUM OF LAW

### I. Plaintiffs' Claims Are Subject to Arbitration

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions and the Supreme Court rigorously enforces claims to arbitrate. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). In *Mitsubishi Motor Corp.*, the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for

3

> predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

*Mitsubishi Motor Corp.*, at 629. The Supreme Court, Fifth Circuit, and Eleventh precedents mandate that, as a matter of law, any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. *Moses H. Cone* at 24-25; *United Steel Workers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 (1960); *City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525, 527 (5th Cir. 1983). This is especially true in agreements affecting interstate and foreign commerce. *Mitsubishi* 473 U.S. at 631; *see also Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1275 (11th Cir. 2011) (holding there is ample precedent "in favor of freely-negotiated contractual choice of law and forum selection provisions, and this presumption applies with special force in the field of international commerce."); *Adolfo v. Carnival Corp.*, 2003 U.S. Dist. LEXIS 24143 (S. D. Fla. Mar. 17, 2003) (relying on *Mitsubishi* and ruling that "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration ... and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

Assuming the truth of Plaintiffs' allegation that Decedent was employed on Carnival ships when he was allegedly exposed to asbestos, his employment and service aboard Carnival vessels is and was subject to arbitration. The agreement to arbitrate satisfies the requirements for compelling arbitration as set forth by the federal legal authority in both the Fifth and Eleventh Circuits. Given controlling precedent and strong federal policy in favor of international arbitration agreements, applying the Convention to Decedent's agreement requires that Plaintiffs' claims against Carnival be ordered to arbitration and dismissed. Therefore, Carnival respectfully requests this Honorable Court order Plaintiffs to submit their disputes to arbitration pursuant to the terms of Decedent's Agreement.

## II.   Arbitration is Required Under the Convention Act

Notwithstanding, arbitration is required in this case as it falls under The Convention Act. The United has implemented The Convention through the enactment of 9 U.S.C. §§ 201-208 to enforce international arbitration agreements such as the Agreement signed by Decedent. The Convention provides that a court possessing jurisdiction under The Convention may direct arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. 9 U.S.C. § 206.

Under the Convention Act, the Court must order arbitration if the following four conditions are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 339 (5th Cir. 2004); *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.,* 767 F.2d 1140, 1146 (5th Cir. 1985); *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005); *Henriquez v. NCL (Bahamas), Ltd.*, No. 09-16344, 2011 WL 3890357 (11th Cir. 2011); *Vera v. Cruise Ships Catering & Services International, N.V.*, Case No. 13-62022-CIV-SCOLA, 2014 WL 12478007 (S.D. Fla. May 6, 2014); *Doe v. Royal Caribbean Cruises*, 365 F. Supp. 2d 1259 (S.D. Fla. Mar. 18, 2005); *aff'd, Doe v. Royal Caribbean Cruises*, 180 Fed. Appx. 893 (11th Cir. May 18, 2006). Here, all four conditions are met; thus, arbitration must be compelled.

### A. All Four Jurisdictional Prerequisites of the Convention Are Satisfied

First, there is a written agreement to arbitrate this dispute. On February 17, 2009, Decedent executed an Agreement, governing his service on Carnival ships. In the same agreement, Decedent agreed to arbitrate all claims related to his employment. [D.E. 14-1 at pg. 7]. Specifically, Paragraph 29 of the Agreement provides that:

> "**Any and all disputes arising out of or in connection with** this Agreement, including any question regarding its existence, validity, or termination, or **Officer's service on the vessel**, shall be referred to and finally **resolved by arbitration** under the American Arbitration Association/International Centre for Dispute Resolution International Rules . . . The Place of arbitration shall be London, England, Monaco, Panama City, Panama or Manila, Philippines whichever is closer to Officer's home country."

*Id.* (emphasis added).

The Governing Law paragraph says:

> "This Agreement shall be governed by, and all disputes arising under or in connection with this Agreement or Officer's service on the vessel shall be resolved in accordance with the **laws of the flag of the vessel** [Bahamas] on which Officer is assigned at the time the cause of action accrues, without regard to principles of conflicts of laws thereunder . . . The parties agree to this governing law notwithstanding any claims for negligence, unseaworthiness, maintenance, cure . . . personal injury . . . which might be available under the laws of any other jurisdiction."

Id. (emphasis added).

The broad and unambiguous language of the Agreement shows the parties agreed and intended to resolve any and all disputes regarding Decedent's employment on a Carnival vessel by binding arbitration. Furthermore, the Agreement explicitly indicates that "Agreement . . . supersedes any prior contract or terms of employment among Officer [Basilio Gallo], Carnival and Employer." *Id.* Therefore, the Agreement executed on February 17, 2009 governs the terms of employment for Mr. Gallo on the *M/V Carnival Sensation* and all his prior service aboard other Carnival ships. This includes any and all claims alleged against Carnival in Plaintiff's Complaint.

6

[D.E 1-3]. Accordingly, the first condition is satisfied as the subject arbitration provision in the Agreement binds the parties to resolve Plaintiff's claims through arbitration and not the courts. The Court must honor the federal policy favoring arbitration and resolve any ambiguities as to the scope of the clause itself in favor of arbitration. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (citing *First Options of Chicago, Inc. v. Kaplan*, 115 S. Ct. 1920, 1924 (1995)). Therefore, the first condition is satisfied as the subject arbitration provision in the Employment Agreement binds the parties to resolve Plaintiff's claims through arbitration and not the courts.

Second, the Agreement provides for arbitration in the territory of a Convention signatory. Specifically, the Agreement provides that the arbitration shall take place in "London, England, Monaco, Panama City, Panama or Manila, Philippines whichever is closer to Officer's home country." Ex. __ at p. 2 ¶ 29. Each of these countries (United Kingdom, Monaco, Panama, and Philippines) are signatories to the Convention. *See Kronlage Fam. LP v. Indep. Specialty Ins. Co.*, No. CV 22-1013, 2023 WL 246847, at *1 (E.D. La. Jan. 18, 2023) (finding the Court has jurisdiction under the Convention Act as the United Kingdom signed the Convention); *Sungaralingum v. Carnival Corp.*, No. 20-24829-CIV, 2021 WL 7542971, at *7 (S.D. Fla. Feb. 18, 2021) ("The United Kingdom and Monaco are signatories to the Convention.); *Salinas v. Carnival Corp.*, 785 F. Supp. 2d 1338, 1340 (S.D. Fla. 2011) (finding it is "undisputed that seafarer's arbitration agreement falls within the scope of the Convention in part because the agreement provides for arbitration in Panama which is a signatory to the Convention); *Bautista*, 396 F.3d at 1295 ("The crewmembers' arbitration provisions provide for arbitration in the Philippines, a signatory of the Convention."). Therefore, the second condition is satisfied.

The third condition is satisfied because the agreement to arbitrate arises from a commercial legal relationship. Federal courts have consistently found that seamen employment contracts

similar to Plaintiff's constitute a commercial legal relationship for the purposes of compelling arbitration. *See Francisco*, 293 F.3d at 273. The Fifth Circuit has specifically held that a seaman's employment contract represents a commercial legal relationship that is covered by the Convention. *Id.* at 274; *Freudensprung,* 379 F.3d at 339. As a result, the third requirement is met. Similarly, the Southern District of Florida has found that crew member employment contracts containing an arbitration provision satisfied the commercial legal relationship requirement for purposes of compelling arbitration. *See Hall v. Celebration Cruise Operator, Inc.*, Case No. 14-62245-CIV-DIMITROULEAS (S.D. Fla. Dec. 29, 2014) *citing Amon v. Norwegian Cruise Lines, Ltd*., Case No. 02-21025-CIVHUCK, 2002 WL 32851545, at *4 (S.D. Fla. Sep. 25, 2002) (order granting motion to compel arbitration); *see also Bautista v. Star Cruises and Norwegian Cruise Line, Ltd.*, 286 F. Supp. 2d 1352, at *34-35 (S.D. Fla. 2003), *aff''d, Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) (affirming order granting motion to compel arbitration). Each of these courts resolved this issue by concluding that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship. Accordingly, the third condition is satisfied.

Finally, the fourth condition requires that one party to the agreement be foreign citizen or entity. As it is undisputed that Decedent is not a citizen of the United States, the fourth condition is met. [D.E. 14-1 at pg. 11].

**B. Courts in the Southern District Compel Arbitration in Similar Circumstances**

Scores of courts in the Southern District have enforced cruise line crewmember arbitration agreements, including by this Honorable Court. *See, e.g., Rajputty v. MSC Crociere, S.A.*, 20-23636-Civ- Altonaga (S.D. Fla. Oct. 6, 2020); *Pereira v. MSC Crociere*, S.A., 108 F. Supp. 3d 1283 (S.D. Fla. 2015) (C. Altonaga); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216 (S.D. Fla. 2010) (C. Altonaga); *Yucra v. Carnival Corporation*, No. 10-20870-Civ, 2010 WL 11586522 (S.D.

8

Fla. May 18, 2010) (C. Altonaga); *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248 (S.D. Fla. 2009) (C. Altonaga); *Paucar v. MSC Crociere S.A.*, 2013 WL 1345403 (S.D. Fla. Apr. 3, 2013), aff'd, 552 Fed. Appx. 872 (11th Cir. 2014); *Galeano v. Celebration Cruise Operator, Inc.*, 2014 WL 12479278, at *1 (S.D. Fla. Dec. 12, 2014); *Pysarenko v. Carnival Corp.*, 2014 WL 1745048 (S.D. Fla. Apr. 30, 2014), aff'd, 581 F. App'x 844 (11th Cir. 2014). In each of these cases the court compelled arbitration, dismissing claims brought under seafarer's employment agreements. *Lindo*, 652 F.3d 1257 and *Henriquez v. NCL (Bahamas), Ltd.*, 440 F. App'x 714 (11th Cir. 2011). For all these reasons, the Court should order that Plaintiffs arbitrate their claims against Carnival pursuant to the Agreement.

**C. Having Satisfied the Four Conditions, the Motion to Compel Should be Granted**

Under both Fifth and Eleventh Circuit legal authority, when an international arbitration clause falls under the Convention, the Convention requires district courts to order arbitration. *Sedco, Inc.*, 767 F.2 at 1145; *see also* 9 U.S.C. § 201 ("the Convention . . . shall be enforced in United States courts."); *Francisco*, 293 F.3d at 273; *Freudensprung*, 379 F.3d at 339; *Prokopeva*, 2008 WL 4276975 at *6; *Lindo*, 652 F.3d 1257; *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543 (11th Cir. 2016); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279 (11th Cir. 2015); *Wong v. Carnival Corp.* 599 Fed.Appx. 355 (11th Cir. 2015); *Vera v. Cruise Ships Catering and Services Intern., N.V.*, 594 Fed.Appx. 963 (11th Cir. 2014); *Trifonov v. MSC Mediterranean Shipping Co. S.A.*, 590 Fed.Appx. 842 (11th Cir. 2014); *Paucar v. MSC Crociere S.A.*, 552 Fed.Appx. 872 (11th Cir. 2014); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed.Appx. 655 (11th Cir. 2013); *Arauz v. Carnival Corp.* 466 Fed.Appx. 815 (11th Cir. 2012); *Maxwell v. NCL (Bahamas), Ltd.*, 2011 WL 928737, at *1 (11th Cir. 2011); *Henriquez*, 440 F.App'x at 716; *Bautista,* 396 F.3d 1289. Because the four jurisdictional prerequisites are met in this matter, Carnival respectfully petitions

this Court to enter an Order dismissing the instant action and compelling Plaintiffs to proceed to arbitration in as mandated by Decedent's Agreement.

### III. Alternatively, the Claims against Carnival Should be Dismissed under the Doctrine of *Forum Non Conveniens.*

In *Atlantic Marine*, the Supreme Court noted that: "[28 U.S.C. §] 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms" for forum-selection clauses.[4] 571 U.S. at 61. Under the doctrine of *forum non conveniens* as applied to a contractual forum selection clause, only public interest factors are to be considered because the court must deem the "private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64 (applying an adjusted *forum non conveniens* analysis to a contractually agreed forum selection clause). The Court said "a district court may consider arguments about public-interest factors only . . . the practical result is that forum-selection clauses should control except in unusual cases." *Id.* To the extent international arbitration agreements may be treated similarly to forum selection clause agreements, the same analysis means that — even after considering public interest factors — the arbitration agreement should control.

The public interest factors for a *forum non conveniens* analysis are set out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947) and its progeny. Here, they all point to enforcing the arbitration agreement.

1. Administrative difficulties arising from congested courts. *Gulf Oil*, 330 U.S. at 508. No administrative difficulty or court congestion arises from compelling resolution of Plaintiffs' claims outside this court in the designated arbitration forum.

---

[4] 28 U.S.C. § 1404(a) would not be applicable in the instant case as it applies to situations where the forum-selection clause calls for transfer from one federal district court to another federal district court.

2. Imposition of jury duty on people of a community with no relation to the litigation. *Id.* at 508-509. Here, jury duty is not a factor because the claims will be resolved by an arbitrator under AAA/ICDR International Rules.

3. Local interest in having localized controversies decided at home. *Id.* This factor points only to arbitration because Plaintiffs are residents of Italy, Mr. Gallo was a citizen of Italy, and the Agreement requires arbitration in the designated place closest to Mr. Gallo's home country of Italy.

4. Interest in having the trial of a diversity case in a forum that is at home with the law that governs the case. *Id.* This is not a diversity case, and in any event the agreed choice of law for Plaintiffs' claims is law of the Bahamas, so this factor points only to arbitration.

Avoidance of unnecessary problems in conflicts of law or the application of foreign law. *Id.* at 509. These problems can only be avoided by enforcing the arbitration clause, where the international arbitrator will apply the proper law.

Under the proper *forum non conveniens* analysis for this case, the Plaintiffs' choice of forum is not given *any* weight, and Plaintiffs have the burden of establishing that dismissal is unwarranted. *Atlantic Marine*, 571 U.S. at 63-64, 66 n.8. Plaintiffs cannot meet that heavy burden, especially in view of strong federal policy to enforce arbitration agreements.

Whether the Court uses one or more Rule 12(b) provisions or the doctrine of *forum non conveniens*, Plaintiffs' claims against Carnival should be dismissed because they are all subject to mandatory arbitration under the Convention and controlling precedent. Since the claims against Carnival must be arbitrated, there is no need to stay them or keep them pending in this Court. Instead, after ordering arbitration, the claims should be dismissed without prejudice.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests this Honorable Court enter an order to (1) compel Plaintiffs to arbitrate their claims against Carnival in accordance with Paragraph 29 of Mr. Gallo's Agreement, (2) dismiss without prejudice all claims against Carnival, and (3) grant Carnival all such other and further relief to which Carnival may be entitled.

Dated: October 27, 2023
      Miami, Florida

    Respectfully submitted,
    FOREMAN FRIEDMAN, PA

    BY: */s/ Noah D. Silverman, Esq.*
    Jeffrey E. Foreman, Esq. (FBN 0240310)
    jforeman@fflegal.com
    Noah Silverman, Esq. (FBN 401277)
    nsilverman@fflegal.com
    Cecile von Batemberg, Esq. (FBN 123769)
    cvbatemberg@fflegal.com
    Foreman Friedman, P.A.
    One Biscayne Tower, Suite 2200
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Tel: (305) 358-6555
    Fax: (305) 374-9077
    *Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on October 27, 2023. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

    By:    <u>Noah D. Silverman</u>

                Noah D. Silverman, Esq.

## SERVICE LIST

| Charles S. Siegel<br>SBN 18341875<br>Chris Johnson<br>SBN 24063939<br>WATERS KRAUS & PAUL<br>3141 Hood St., Suite 200<br>Dallas, Texas 75219<br>Telephone: (214) 357-6244<br>Facsimile: (214) 357-7252<br>E-mail: siegel@waterskraus.com<br>E-mail: cjohnson@waterskraus.com<br><br>Rebecca Vinocur<br>Florida Bar No. 0529915<br>rvinocur@rsv-law.com<br>Rebecca S. Vinocur, P.A.<br>5915 Ponce de Leon Blvd., Suite 14<br>Coral Gables, FL 33146<br>Tel. (786) 691-1282<br>Fax (786) 691-1283<br><br>*Attorneys for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>pcampo@fflegal.com<br>Cecile von Batemberg, Esq.<br>cvbatemberg@fflegal.com<br>sporres@fflegal.com<br>Foreman Friedman, PA<br>One Biscayne Tower, Suite 2200<br>2 South Biscayne Boulevard<br>Miami, FL  33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant, Carnival* |